IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,836






EX PARTE TONY WAYNE ANDERSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 13,785-93 IN THE 402
ND DISTRICT COURT


FROM WOOD COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to life imprisonment and a $5,000 fine. 

 Applicant contends that his counsel rendered ineffective assistance because he failed to
pursue an appeal when Applicant requested him to do so. We remanded this application to the trial
court for findings of fact and conclusions of law.

 The trial court found that Applicant was not entitled to appeal because the sentence imposed
was within the applicable range of punishment. However, Applicant's plea agreement specifically
stated that there would be no agreement or restriction as to the sentence Applicant could receive. 
Applicant's plea of guilty is not be challengeable on appeal, but Applicant is entitled to appeal any
issues regarding his sentencing. We find, therefore, that Applicant is entitled to the opportunity to
file an out-of-time appeal of the judgment of conviction in Cause No. 13,785-93 from the 402nd 
Judicial District Court of Wood County. Applicant is ordered returned to that time at which he may
give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful
appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which
the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he
must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the
mandate of this Court issues.

 Applicant's remaining claims are dismissed. Ex Parte Torres, 943 S.W.2d 469 (Tex. Crim.
App. 1997).

Delivered: February 6, 2008

Do Not Publish